# PETITION OF L. P. WHITEMAN,

### FOR A MANDAMUS TO THE PRESIDENT JUDGE OF THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued April 11, 1891—Decided April 13, 1891.

After a decree by the Supreme Court, reversing the court below and directing the issuance of a preliminary injunction restraining a natural-gas company from shutting off the supply of gas to a consumer, a mandamus will not be awarded requiring the court below to extend the

Statement of Facts.

effect of the injunction to the sheriff, to prevent the latter from proceeding with a creditor's execution against the defendant company.

Before PAXSON, C. J., CLARK, WILLIAMS and MITCH-ELL, JJ.

No. 000 January Term 1891, Sup. Ct.; court below, No. 161 C. P. in Equity.

On March 16, 1891, L. P. Whiteman presented his petition averring in substance as follows:

That on January 23, 1891, upon the return of the record in the case reported as Whiteman v. Fayette Fuel-Gas Co., 139 Pa. 492, with the decree of the Supreme Court, entered January 19, 1891, reversing the decree of the court below and directing that a preliminary injunction issue as prayed for in the plaintiff's bill, the court below, INGHRAM, P. J., entered the following decree:

"January 23, 1891, the bill in this case, with injunction affidavits and bond in the sum of $5,000, with two sureties, having been presented to me, and the said bond having been approved, it is ordered that the respondent be restrained from continuing to withhold the supply of natural gas to the said manufactory, and that the respondent forthwith restore the flow of the said natural gas to the said manufactory, and restore the condition of the said natural-gas pipe, valves, cut-offs and machinery, to the condition of the same as existing on October 25, 1890, and at and immediately before the cutting off the supply of the said natural gas by the defendant from the manufactory of the respondent, as alleged in the complainant's bill, and that the said flow of the said natural gas shall be and remain without direct or indirect diminution or obstruction by the respondent as it was before the said cutting off, until Monday, February 16, 1891, which time is fixed for further hearing in said matter.

"The sheriff of Fayette county having seized the property of the defendant, since the order of the Supreme Court of Pennsylvania directing the injunction to issue, this order is now extended to the said sheriff."

The petitioner further represented that on or about September 12, 1889, the said Fayette Fuel-Gas Co. had purchased

from the Southwest Natural-Gas Co. the natural-gas plant of the latter company, and to secure the purchase money thereof unpaid, had executed its mortgage upon the plant so purchased for the sum of $35,000, duly recorded; that on May 27, 1890, the Southwest Natural-Gas Co. had obtained an adversary judgment against the Fayette Fuel-Gas Co. for $5,199.29, for an instalment of said purchase money, and said mortgage and judgment soon thereafter became the property of Andrew W. Mellon, to whom the Fayette Fuel-Gas Co., on or about September 1, 1890, obligated itself to pay the sum of $1,000 per month in liquidation of said indebtedness; that the board of directors of said company continued to make monthly payments of $1,000 each to the said Mellon, until after the decree of the Supreme Court of January 19, 1891:

"That immediately upon the receipt by the said directors of the said Fayette Fuel-Gas Co., of the information that this Honorable Court had directed the restoration as aforesaid of the said natural gas to the said glass-works of your petitioner, and with the sole intent, purpose and object, as your petitioner verily believes, of evading, avoiding and nullifying the said order and decree of this Court, directing the restoration as aforesaid of the said natural gas to your petitioner's glass-works, the said directors of the said Fayette Fuel-Gas Co. refused to continue making the said monthly payments of $1,000 to the said Andrew Mellon, falsely representing to him, for the purpose of inducing him to issue execution upon his said judgment, that it was impossible to continue making the said monthly payments to him while also supplying the said natural gas to your petitioner as aforesaid."

That on January 20, 1891, the said Mellon issued an execution on the judgment for $5,199.20, under which the sheriff of Fayette county immediately levied upon all the property of the Fayette Fuel-Gas Co., real, personal and mixed; that on January 23d, the petitioner's counsel, presenting the facts hereinbefore stated to the court below, Inghram, P. J., the decree of that date set out supra was entered; that on or about February 2, 1891, the said sheriff by force and virtue of said decree, restored the flow of natural gas to the petitioner's glass-works which on said levy had been interrupted; that on February 21, 1891, the matter came again before the court be-

low, Inghram, P. J., on a motion by the said Fayette Fuel-Gas Co. to dissolve the preliminary injunction awarded by the decree of January 23, 1891, when the said court, INGHRAM, P. J., against the petitioner's earnest argument, protest and remonstrance, signed the following decree:

"Now, February 21, 1891, after full hearing and argument of counsel in the above case, it being admitted by counsel that A. W. Mellon, the execution creditor, is acting in good faith, and there being no reason shown why the court should interfere with the execution in the hands of the sheriff, it is ordered and decreed that the order of January 23, 1891, be revoked, so far as it relates to the sheriff of Fayette county."

That on February 23, 1891, the sheriff of said county cut off the supply of gas from the petitioner's glass-works, "causing your petitioner the most grievous and ruinous loss and damage in his business of manufacturing glass-ware as aforesaid, and depriving him altogether of all benefit and advantage of and from the said order of preliminary injunction so as aforesaid issued" on January 23, 1891, "in pursuance of the mandate of this Honorable Court" issued on January 19, 1891.

Further showing that, on February 28, 1891, the sheriff of said county, by virtue of ordinary writs of fieri facias, issued upon the judgment of A. W. Mellon and other judgments, had sold the entire plant of the Fayette Fuel-Gas Co. to A. W. Mellon, for the sum of $6,000, but that no deed for the same had yet been acknowledged; that exceptions to said sheriff's sale had been filed by certain stockholders of the fuel-gas company, who had also filed their bill in equity to restrain said A. W. Mellon and others from destroying the corporate existence of said company, from proceeding further on the said judgments and mortgage, and for the appointment of a receiver, which exceptions were pending, the petition concluded:

"Your petitioner therefore showing to your Honors that the revocation by his Honor Judge Inghram of that portion of his order of January 23, 1891, aforesaid, relating to the said sheriff of Fayette county, was taken, deemed and considered by the said sheriff as an order to him to cut off the said gas from your petitioner's said glass-works, and is virtually a refusal to award and issue the said preliminary injunction as the same was ordered and directed to issue by this Honorable Court on January

19, 1891, as aforesaid, prays your Honors for a writ of mandamus directed to the Honorable James Inghram, president judge of the Court of Common Pleas of Fayette county aforesaid, commanding him to issue the said writ of preliminary injunction, as it was originally framed as aforesaid, to the said sheriff of Fayette county, and to any and all persons whomsoever, necessary to give full effect to the said order, decree and judgment of this Court, according to the true intent and meaning thereof, or to show cause why he should not do so.

"And he will ever pray," etc.

An alternative writ of mandamus having been awarded and served, Hon. James Inghram, P. J., made return as follows:

"That without conceding the correctness of all the statements contained in the petition of the plaintiff, of many of which your respondent is entirely ignorant, the respondent makes full answer to all that is material and relevant to the issue, as it appears to him:

"That your respondent resides in the borough of Waynesburg in the county of Greene, whereas the contention arises in the county of Fayette, where all the counsel concerned also reside; that the counsel for plaintiff forwarded by mail to your respondent the order of your Honorable Court reversing the decree refusing a preliminary injunction in the case of L. P. Whiteman v. Fayette Fuel-Gas Co., and directing that a preliminary injunction be issued as prayed for; that the same counsel also enclosed a form of order with the explanation that 'the gas company had procured an execution to be issued against them, evidently to evade the responsibility of disobeying the injunction,' and that the sheriff of Fayette county had seized the property of the defendant under said execution; that upon these representations your respondent made the following order dated January 23, 1891: [Here said order was copied, as ante 598.]

"The above order was made without notice to the counsel for A. W. Mellon, the execution creditor; and that part of it containing directions to the sheriff of Fayette county was in excess of the order of your Honorable Court, and was made upon the representations of counsel that 'the gas company had procured the execution to be issued against them, evidently to evade the responsibility of disobeying the injunction.' But,

at the hearing before your respondent, on February 21, 1891, upon motion to dissolve the said preliminary injunction granted on January 23d, it was shown and admitted by counsel that A. W. Mellon, the execution creditor, was acting in good faith in the prosecution of his claim against the Fayette Fuel-Gas Co.; whereupon your respondent modified the decree of January 23, 1891, so far as it affected the sheriff of Fayette county, but your respondent expressly continued the preliminary injunction so far as the Fayette Fuel-Gas Co. was concerned; so that at all times since the order of your Honorable Court was presented to your respondent, he has strictly complied therewith, and the said preliminary injunction, directed to be issued against the Fayette Fuel-Gas Co. by your Honorable Court, is now in force, and has never been changed or interfered with by your respondent since it was first issued.

" Your respondent further states that, believing that he had no legal right to interfere with the due processs of law invoked by A. W. Mellon, the execution creditor, for the collection of his claim against the Fayette Fuel-Gas Co., and the testimony taken on the motion to dissolve the injunction satisfying your respondent that the said A. W. Mellon was injured by reason of said order to the sheriff, and would suffer loss if not relieved therefrom, your respondent was moved to withdraw said order of January 23, 1891, so far as it related to the sheriff of Fayette county; but your respondent is in no wise responsible for the action of the sheriff subsequent to said revocation, nor for the construction the said sheriff put upon said order of revocation.

" Your respondent, for these reasons respectfully declines to issue the preliminary injunction to the sheriff and others as prayed for, unless otherwise directed by your Honorable Court; but will cheerfully and promptly abide by, and act on such judgment and decree or order, as your Honorable Court may see fit to make."

To the foregoing return, the petitioner demurred that the respondent had failed:

1. To set forth wherein A. W. Mellon had any rights, interests or claims, which could possibly be injured by the said preliminary injunction.

2. To notice the fact that A. W. Mellon's execution was is-

Opinion of the Court.

sued after the injunction was ordered by the Supreme Court, and that the president of the Fayette Fuel-Gas Co. testified before him that the executions were issued to avoid the effect of the injunction.

3. To show how A. W. Mellon could possibly be injured by the continuance of the original injunction.

4. To meet the allegation that the injunction was modified, not on motion of A. W. Mellon, but on motion of the sheriff, after a suggestion to that effect made by the respondent.

*Mr. R. E. Umbel* and *Mr. Edward Campbell* (with them *Mr. A. D. Boyd*), for the petitioner.

Counsel cited: High on Injunctions, 2d ed., §§ 1421–1424, 1446; § 10, act of June 16, 1836, P. L. 787; Raudenbusch's Pet., 120 Pa. 328; Commonwealth v. McLaughlin, 120 Pa. 518; Reichenbach v. Ruddach, 121 Pa. 18; Prospect Brew. Co.'s Pet., 127 Pa. 523; Nordstrom's Pet., 127 Pa. 542; Knarr's Pet., 127 Pa. 554; Commonwealth v. Cochran, 5 Binn. 87; Commonwealth v. Bunn, 71 Pa. 405; Keasy v. Bricker, 60 Pa. 9; Childs v. Commonwealth, 3 Brewst. 194; Jefferson Co. Tr. v. Shannon, 51 Pa. 221; Phœnix Iron Co. v. Commonwealth, 113 Pa. 569; Brewster's Pr., § 1755.

*Mr. F. P. Iams*, for the respondent

Counsel cited: Haines v. Commonwealth, 99 Pa. 410; High on Injunctions, §§ 1548, 1549.

PER CURIAM:

It appears by the return of the learned judge of the court below that he has issued the writ of injunction, which by our decree he was required to issue. The return sets forth, inter alia:

" But your respondent expressly continued the preliminary injunction so far as the Fayette Fuel-Gas Co. was concerned; so that at all times since the order of your Honorable Court was presented to your respondent, he has strictly complied therewith, and the said preliminary injunction, directed to be issued against the Fayette Fuel-Gas Co. by your Honorable Court, is now in force, and has never been changed or interfered with by your respondent since it was first issued."

It will thus be seen that the learned judge has done all that we commanded him to do. That he did something more, and enlarged the scope of the injunction beyond the requirement of our decree, is not to the purpose. For reasons which were satisfactory to him, he changed it to what it was originally intended to be. As so modified, and as ordered by this court, the injunction still remains in full force, and its violation may be punished by attachment. Under the circumstances, we decline to award a peremptory mandamus, and

The petition is dismissed.